**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **TARA YOUNG,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 1:24-cv-1347-MPB-MG |
| | ) |
| **OPTIV SECURITY, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

**CASE MANAGEMENT PLAN**

**I.**     **Parties and Representatives**

    A.    Plaintiff:    Tara Young

           Counsel:    Lauren E. Berger, Attorney No. 29826-19
                        BIESECKER DUTKANYCH & MACER, LLC
                        411 Main Street
                        Evansville, IN 47708
                        (812) 424-1000
                        (812) 424-1005 (Fax)
                        Emails: lberger@bdlegal.com

    B.    Defendant:    Optiv Security, Inc.

           Counsel:    KELLY J. MUENSTERMAN (IN #66968)
                        7676 Forsyth Blvd., Suite 800
                        St. Louis, MO 63105
                        (314) 889-8000
                        Fax No.: (314) 231-1776
                        kmuensterman@polsinelli.com
                        ROBERT J. HINGULA (MO #56353) (admitted pro hac vice)
                        ISAAC T. CAVERLY (MO #72740) (admitted pro hac vice)
                        900 W. 48th Place, Suite 900
                        Kansas City, Missouri 64112
                        (816) 753-1000
                        Fax: (816) 753-1536
                        rhingula@polsinelli.com
                        icaverly@polsinelli.com

      Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**    **Jurisdiction and Statement of Claims**

    A.    The basis for subject matter jurisdiction is 29 U.S.C. §1331, 42 U.S.C. §1343 et seq, and 42 U.S.C. § 2000e et seq.

    B.    <u>Plaintiff's Statement</u>: Young, who is African American, was hired by the Defendant in November 2021 and worked as a Senior UI/UX Designer. She met or exceeded Defendant's legitimate performance expectations and was told she would be placed on a promotional track. She was the only African American in the marketing department and one of few on the creative team. Despite being told she was to be promoted, Defendant failed to do so, instead promoting individuals outside her protected class with less experience. Young's manager, Jeanne Bacque began singling out Young. Ultimately, on June 5, 2023, Defendant laid off Young for alleged performance issues, but this is pretext for discrimination.

    C.    <u>Defendant's Statement</u>: Defendant denies Plaintiff's allegations of discrimination and asserts that any and all actions regarding Plaintiff's employment were taken in good faith, based upon legitimate, non-discriminatory reasons. Plaintiff was never promised a promotion and at all times was provided with opportunities and feedback to grow her potential leadership skills. Plaintiff was let go as a result of a reduction in force based on legitimate, non-discriminatory reasons.

**III.**    **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **December 9, 2024.**

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **December 16, 2024**.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **December 23, 2024**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **January 10, 2025**.

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 10, 2025**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 28 days after receipt of the demand**. The parties shall

|     |     |
| --- | --- |
|     | forward copies of their settlement demands and responses when made to Magistrate Judge Garcia at MJGarcia@insd.uscourts.gov. |
| F.  | Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 4, 2025**.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 4, 2025**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **September 4, 2025**. |
| G.  | Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **90 days prior to the dispositive motion deadline**.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court. |
| H.  | Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 8, 2026**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1. |
| I.  | All parties shall file and serve their final witness and exhibit lists on or before **November 8, 2025**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony. |
| J.  | Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable. |
| K.  | <u>Discovery of electronically stored information ("ESI").</u>  At this time, the parties do not believe a substantial volume of ESI will be produced in this case.  If, as the case progresses, the parties do believe a substantial volume of ESI is likely to be produced the parties agree to confer and either enter into a written agreement concerning the production of ESI or move to amend this Case Management Plan. |
| 1.  | <u>Nature of Production of ESI.</u>  Absent any objection, electronic discovery shall be produced to the requesting party in a commercially reasonable manner.  If a party |

requests documents stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party .pdf copies of the documents on CD or DVD, by e-mail, or by other electronic means. If the receiving party determines in good faith a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request a native format electronic copy, including any associated metadata and embedded data be produced. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure, if appropriate, shall be made in a commercially reasonable manner, absent any objection from the producing party. The parties further agree to cooperate in good faith concerning the form in which ESI is to be produced when requested in a different format before bringing a motion to compel. The parties reserve the right to withhold discovery documents/data based on a known privilege or objection.

2. <u>Cost and Burden of Producing Electronic Discovery.</u>  Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following assumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such documents shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the costs of assembling the responses to the requests; (2) Any extraordinary costs for duplication shall be allocated to the requesting party; and (3) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner, absent any privileges or objections that would preclude or protect such data from being disclosed.

3. <u>Unintentional Disclosure of Privileged Documents.</u>  In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

4. <u>Preservation of Data.</u>  Throughout the course of this matter, the parties will make every effort to preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

5. <u>Additional Issues.</u> At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

IV. **<u>Discovery[1] and Dispositive Motions</u>**

A. <u>Defendant</u>: It is too early in this litigation to definitively assert whether Defendant will pursue summary judgment. However, at this time Defendant believes it is more likely than not that Defendant will seek summary judgment.

<u>Plaintiff</u>: Plaintiff does not intend to seek summary judgment.

B. On or before **July 15, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

   **X**   Track 2: Dispositive motions are expected and shall be filed by **August 8, 2025**; non-expert witness discovery and discovery relating to liability issues shall be completed by **July 8, 2025**. All remaining discovery, including expert and damages discovery, shall be completed by no later than **January 8, 2026.**

   <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **<u>Pre-Trial/Settlement Conferences</u>**

**The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in April 2025.**

VI. **<u>Trial Date</u>**

The parties request a trial date in **<u>April 2026</u>**. The trial is by jury and is anticipated to take <u>5 days</u>.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

**VII.**     **Referral to Magistrate Judge**

       A.     **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

       B.     **Motions**. The parties **do not** consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

**VIII.**     **Required Pre-Trial Preparation**

       A.     **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

             1.     File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

             2.     Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

             3.     Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

             4.     A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

                  a.     brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

                  b.     if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

  5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

  6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

  1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

  2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

None.

| | |
|---|---|
| */s/ Lauren E. Berger*<br>Lauren E. Berger (#29826-19)<br>Biesecker Dutkanych & Macer, LLC<br>411 Main Street<br>Evansville, IN 47708<br>Telephone: (812) 424-1000<br>Facsimile: (812) 424-1005<br>Email: lberger@bdlegal.com<br><br>*Attorneys for Plaintiff* | */s/  Robert J. Hingula (with permission)*<br>KELLY J. MUENSTERMAN (IN #66968)<br>7676 Forsyth Blvd., Suite 800<br>St. Louis, MO 63105<br>(314) 889-8000<br>Fax No.: (314) 231-1776<br>kmuensterman@polsinelli.com<br>ROBERT J. HINGULA (MO #56353)<br>(admitted pro hac vice)<br>ISAAC T. CAVERLY (MO #72740) (admitted pro hac vice)<br>900 W. 48th Place, Suite 900<br>Kansas City, Missouri 64112<br>(816) 753-1000<br>Fax: (816) 753-1536<br>rhingula@polsinelli.com<br>icaverly@polsinelli.com |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  | |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN  8/8/2025   Discovery by 7/8/2025   |

      Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

      **APPROVED AND SO ORDERED.**

Date: 10/29/2024

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:
To ECF Counsel of Record