**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| TARA YOUNG, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:24-CV-01347-MPB-MG |
| | ) |
| v. | ) |
| | ) |
| OPTIV SECURITY INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S PRELIMINARY LIST OF WITNESSES AND EXHIBITS

### WITNESSES

Pursuant to the Case Management Plan approved by this Court, Defendant Optiv Security Inc. ("Defendant"), by and through its undersigned counsel of record, submits its preliminary list of witnesses who may be called to give testimony in this matter, other than witnesses who may be called solely for purposes of impeachment or rebuttal.

1. Tara Young;
2. Jeanne Bacque;
3. Tina Sumner;
4. Alicia Christian;
5. All individuals listed on Plaintiff's witness lists;
6. Any and all witnesses subsequently identified; and
7. Any and all witnesses necessary for impeachment or rebuttal purposes

Discovery is ongoing and, therefore, Defendant hereby reserves the right to supplement or otherwise amend the foregoing preliminary list of witnesses. In the event that additional witnesses are identified, Plaintiff will be promptly advised.

### EXHIBITS

Pursuant to the Case Management Plan approved by this Court, Defendant Optiv Security Inc. ("Optiv"), by and through its undersigned counsel of record, submits the following as its

preliminary list of exhibits that may be relied upon at the trial of this matter, other than those that may be used solely for purposes of impeachment or rebuttal.

1. All pleadings in this action;

2. All documents produced during discovery in this action;

3. All depositions and documents used during depositions related to this action;

4. All documents identified in Plaintiff's exhibit lists;

5. All documents relating to Plaintiff's employment with Defendant;

6. Plaintiff's complete personnel and/or employment file(s);

7. Plaintiff's payroll records, time records, and/or attendance records;

8. Any and all documents, correspondences, and notices regarding Defendant's reduction in force that impacted Plaintiff.

9. Any and all documents, manuals, handbooks, policies, procedures, notices, and/or directives, and any and all subsequent revisions thereof that reflect Defendant's policies regarding Title VII;

10. Any and all non-privileged documents, notices, correspondences (including e-mails), letters, and/or notes given and/or sent to Plaintiff by Defendant and/or any agent and/or employee thereof for the time period of 2021 thru the present;

11. Any and all non-privileged documents, notices, correspondences (including e-mails), letters, and/or notes received by Defendant and/or any agent and/or employee thereof from Plaintiff relating to…for the time period of 2021 thru the present;

12. All non-privileged statements and memos from, or relating to, witnesses or potential witnesses or persons contacted in connection with this case;

13. Any and all documents obtained from any third-party request for production and/or subpoena with this case;

14. Any and all non-privileged correspondence, documents, memoranda, or notes that reference or relate to Plaintiff's employment with Defendant;

15. All organizational charts, personnel charts, descriptions, or other documents showing the identities, titles, and demographics of Plaintiff's department in which she worked;

16. Any and all documents evincing any communications between Plaintiff and Defendant's employees and/or communications regarding Plaintiff by Defendant's employees;

17. Any and all documents evincing Plaintiff's job performance;

18. Any and all documents regarding and/or evincing Plaintiff's separation of employment and the reasons thereof;

19. Any and all documents showing any discussion of placing Plaintiff on a promotional track;

20. Any and all documents regarding similarly-situated employees;

21. Any and all exhibits subsequently identified; and,

22. Any and all exhibits necessary for impeachment or rebuttal purposes.

23. Discovery is ongoing and, therefore, additional exhibits may be identified. Defendant hereby reserves the right to supplement or otherwise amend the foregoing list of exhibits. If Defendant identifies any additional exhibits, Plaintiff will be promptly notified.

Respectfully submitted,

POLSINELLI PC

By: */s/ Isaac T. Caverly*
ROBERT J. HINGULA (MO #56353) (admitted *pro hac vice*)
ISAAC T. CAVERLY (MO #72740) (admitted *pro hac vice*)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
(816) 753-1000
Fax: (816) 753-1536
rhingula@polsinelli.com
icaverly@polsinelli.com

KELLY J. MUENSTERMAN (SD IN No. 66968)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
(314) 889-8000
Fax: (314) 231-1776
kmuensterman@polsinelli.com

ATTORNEYS FOR DEFENDANT OPTIV SECURITY INC.

100559539.3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (\_\_\_) United States Mail, postage prepaid; ( X ) ECF Notification System; and/or (\_\_\_) E-mail this 23rd day of December, 2024, to:

   Andrew Dutkanych, Esq.
Lauren E. Berger, Esq.
Biesecker Dutkanych & Macer, LLC
144 North Delaware Street
Indianapolis, IN  46204
317-991-4765
ad@bdlegal.com
lberger@bdlegal.com
 ATTORNEYS FOR PLAINTIFF TARA YOUNG

                                                                      */s/ Isaac T. Caverly*

100559539.3